671 N.W.2d 737 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Connie M. CAMERON, Defendant-Appellee.
Docket No. 124592, COA No. 246209.
Supreme Court of Michigan.
December 5, 2003.
On order of the Court, the application for leave to appeal the August 26, 2003 *738 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
YOUNG, J., dissents and states as follows:
I respectfully dissent from the order denying leave to appeal. I believe that the examining magistrate abused his discretion in refusing to bind defendant over for trial on three counts of second-degree child abuse. The magistrate usurped the fact-finder's role in concluding that defendant's actions were not likely to cause serious physical harm to her three children.
Defendant was charged with aggravated stalking, felonious assault, and three counts of second-degree child abuse arising out of an incident involving a former romantic interest. The second-degree child abuse charges were brought pursuant to M.C.L. § 750.136b(3)(b), which requires that a defendant knowingly or intentionally commits an act "likely to cause serious physical or mental harm to a child regardless of whether harm results."
On the day of the incident, defendant drove to the victim's residence with her three children in her vehicle. The victim resides at the corner of a busy intersection with a traffic light, near a high school. The victim's neighbor testified that a young boy (defendant's three-year-old son) stuck his head out of the driver's window as defendant berated the victim. The witness could tell that the child was not wearing a seatbelt.
The victim asked defendant to leave. When he began to walk away, defendant put her car into reverse, backing up into the busy intersection at a high rate of speed, causing her tires to squeal. Witnesses who were driving at that intersection nearly collided with defendant's vehicle. The witnesses estimated that defendant was traveling approximately thirty to thirty-five miles an hour in reverse into the intersection.
After driving her vehicle abruptly in reverse, defendant drove her vehicle toward the victim at approximately thirty miles an hour, pinning the victim between her vehicle and his pickup truck. A witness testified that the children in the vehicle screamed as this happened. When interviewed by the police at the scene of the incident, defendant admitted that her children were in the car and, by not wearing seatbelts, were placed in jeopardy.
After the preliminary examination, the magistrate refused to bind defendant over on the three counts of second degree child abuse, holding that the elements were not established because defendant's actions were not "likely to cause serious physical or mental harm regardless of whether harm results."
I believe that the prosecutor proffered sufficient evidence to establish probable cause. To establish probable cause during preliminary examination, the prosecutor does not need to establish guilt beyond a reasonable doubt; rather, the prosecutor need present only enough evidence on each element of the charged offense to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. People v. Perkins, 468 Mich. 448, 452, 662 N.W.2d 727 (2003). Where there is credible evidence to both support and negate the existence of an element of a crime, a factual question exists that should be left to jury. A magistrate should not refuse to bind a defendant over for trial when the evidence raises reasonable doubt of the defendant's guilt. People v. Yost, 468 Mich. 122, 128, 659 N.W.2d 604 (2003).
Here, defendant drove her vehicle at a high rate of speed in reverse into a busy *739 intersection with her three children in the back seat, nearly colliding with another vehicle in order to attack her former boyfriend with her car. Because defendant was driving the vehicle in reverse and the children were in the back seat, the children would be the first to be affected by any collision. A reasonable jury could certainly conclude that serious physical or mental harm was likely to occur under these circumstances.
I believe that the magistrate abused his discretion in quashing the charges and that the case should be resolved by a jury. I dissent from the order denying leave to appeal.
CORRIGAN, C.J., joins the dissent of YOUNG, J.