Michigan Supreme Court
Lansing, Michigan

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 29, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

  Plaintiff-Appellant,

v                                                      No. 123760

TARAJEE SHAHEER MAYNOR,

  Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

TAYLOR, J.

  The issue presented in this case is whether first-degree child abuse[1] requires the prosecution to establish only that defendant intended to commit an act that causes serious physical harm or whether it requires the prosecution to prove not only that defendant intended the act, but also that, by so acting, she intended to cause

---

[1] MCL 750.136b(2). This statute provides:

A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child. Child abuse in the first degree is a felony punishable by imprisonment for not more than fifteen years.

serious physical harm or knew that serious physical harm would be caused.

We hold that, pursuant to the current language of the statute, first-degree child abuse requires the prosecution to establish, and the jury to be instructed that to convict it must find, not only that defendant intended to commit the act, but also that defendant intended to cause serious physical harm or knew that serious physical harm would be caused by her act. Because the Court of Appeals reached the same result, we affirm its decision, but for different reasons.

## FACTS[2]

On June 28, 2002, defendant left her two children, Adonnis, age three, and Acacia, age ten months, in her car, a black Dodge Neon, while she visited a beauty salon. The children were belted in their seats, and defendant's car was parked some distance from the salon, in an unshaded, asphalt parking lot. The temperature that day was in the eighties. The child-safety locks on the car were engaged, and the driver's side window and possibly a rear window were rolled down 1 to 1½ inches.

---

[2] This case has not yet been tried; all facts are taken from the preliminary examination transcript.

2

During her appointment, which lasted approximately 3½ hours,[3] defendant had her hair washed, relaxed, and styled. She also had a sit-up massage, tried on a sundress, and purchased a snack. Defendant did not mention the children to anyone in the salon and never left the salon to check on the children.

When defendant returned to her car after the appointment, her children were dead. Acacia was lying on the floorboard near the back seat, and Adonnis was lying on the back seat. The children had died of hyperthermia, or heat exposure. After discovering the children in that state, defendant drove around for several hours before driving to a hospital emergency room around 11:00 p.m.

When initially questioned by the police, defendant indicated that she had been abducted and raped and that her children had been left in her car during the abduction. But when confronted by the police, she admitted that she had left her children in the car while she was at the beauty salon. Defendant then provided a written statement to the police. When asked why she made up the story about the abduction, she responded, "So that I wouldn't appear to be a horrible person, someone who left their [sic] children

---

[3] The appointment started about 4:00 or 4:20 p.m. and ended about 7:30 or 7:50 p.m.

3

in a hot car." She also stated, "I had never left them in the car before and I didn't know (was too stupid to know) that they would die. I didn't want them to die."

Defendant was charged with two counts of felony murder, with first-degree child abuse as the underlying felony.

Following the preliminary examination, the district court declined to bind defendant over on the felony-murder charges and bound defendant over on two counts of involuntary manslaughter. The district court concluded that first-degree child abuse was a specific intent crime and that there was not sufficient evidence to establish probable cause to believe that defendant knowingly or intentionally caused her children's deaths. The district court noted that defendant had stated that she did not intend to hurt her children but that she was too stupid to know that they would die, and that there was no evidence in the record to negate this statement. Consequently, the district court determined that there was insufficient evidence of intent to establish the underlying felony of first-degree child abuse.

The prosecution moved to have the circuit court reinstate the felony-murder charges. The circuit court granted the prosecution's motion, reversing the district court and reinstating the felony-murder charges. The

4

circuit court reasoned that first-degree child abuse was a general intent, not a specific intent, crime. Thus, the circuit court reasoned that the prosecution was required to establish that defendant had the intent to perform the physical act itself that resulted in the children's death. The circuit court concluded that the prosecution had presented sufficient evidence that defendant intended to leave her children alone in the car for several hours and that there was probable cause to believe that defendant committed the crimes of first-degree child abuse and second-degree murder.

Defendant filed an interlocutory appeal in the Court of Appeals. Although the Court of Appeals held, in a two-to-one decision, that first-degree child abuse was a specific intent crime rather than a general intent crime, it affirmed the circuit court's decision to reinstate the felony-murder charges because it determined that there was sufficient evidence of intent to find probable cause to believe that defendant had committed first-degree child abuse and, consequently, to bind defendant over on the felony-murder charges.[4] In so concluding, the Court of Appeals relied on the analysis of *People v Gould,* 225 Mich App 79; 570 NW2d 140 (1997), and further explained that the

[4] 256 Mich App 238; 662 NW2d 468 (2003).

5

facts belied defendant's claim of ignorance of the risks of leaving her children in a hot car.

The concurring Court of Appeals judge stated that he would have concluded that first-degree child abuse is a general intent crime rather than a specific intent crime.

This Court granted the prosecution leave to appeal "limited to the issue whether it is sufficient to instruct the jury using the statutory language regarding intent ('. . . knowingly or intentionally causes serious physical or serious mental harm to a child'), MCL 750.136b(2), or whether it is also necessary to instruct the jury regarding 'specific intent.'"[5]

### Standard of Review

We review de novo any question of the proper interpretation of the underlying criminal law, including the intent required. *People v Perkins,* 468 Mich 448, 452; 662 NW2d 727 (2003).

### Analysis

When construing a statute, this Court's goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. Where the language is unambiguous, we give the words their plain

---

[5] 468 Mich 946 (2003).

meaning and apply the statute as written. *People v Borchard-Ruhland,* 460 Mich 278, 284; 597 NW2d 1 (1999).

The child abuse statute, MCL 750.136b(2), provides:

> A person is guilty of child abuse in the first degree if the person *knowingly or intentionally causes serious physical harm or serious mental harm to a child.* Child abuse in the first degree is a felony punishable by imprisonment for not more than 15 years. [Emphasis added.]

The prosecution contends that the italicized language only requires the prosecution to prove that defendant intended to leave her children in the car, not that she intended to seriously harm them by leaving them in the car. We disagree with this argument because it is contrary to the plain language of the statute.

The plain language of the statute requires that to be convicted of first-degree child abuse, a person "knowingly or intentionally causes serious physical harm or serious mental harm to a child." MCL 760.136b(2). The phrase "knowingly or intentionally" modifies the phrase "causes serious physical or serious mental harm to a child." Thus, this language requires more from defendant than an intent to commit an act. The prosecution must prove that by leaving her children in the car, the defendant intended to cause serious physical or mental harm to the children or that she knew that serious mental or physical harm would be caused by leaving them in the car. The recommended

7

standard jury instruction for first-degree child abuse, CJI2d 17.18, correctly focuses the jury by directing it to this method of analysis.[6] We find it is unnecessary for the jury to be given further instruction on "specific intent,"

---

[6] CJI2d 17.18 states:

(1) The defendant is charged with the crime of first-degree child abuse. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

[Choose (2) or (3):]

(2) First, that *[name defendant]* is the [parent/guardian] of *[name child]*.

(3) First, that *[name defendant]* had care or custody of or authority over *[name child]* when the abuse allegedly happened.

(4) Second, that the defendant either knowingly or intentionally caused [serious physical harm/serious mental harm] to *[name child]*.

[Choose (a) or (b):]

(a) By "serious physical harm" I mean any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut.

(b) By "serious mental harm" I mean an injury to a child's mental condition that results in visible signs of an impairment in the child's judgment, behavior, ability to recognize reality, or ability to cope with the ordinary demands of life.

(5) Third, that *[name child]* was at the time under the age of 18.

such as that found in CJI2d 3.9. The need to draw the common-law distinction between "specific" and "general" intent is not required under the plain language of the statute, as long as the jury is instructed that it must find that defendant either knowingly or intentionally caused the harm. Moreover, the enactment of MCL 768.37, which abolished the defense of voluntary intoxication except in one narrow circumstance, has significantly diminished the need to categorize crimes as being either "specific" or "general" intent crimes.

## Conclusion

We conclude that the charge of first-degree child abuse in this case requires the prosecution to establish, and the jury to be instructed that to convict it must find, not only that defendant intended to leave her children in the car, but also that, by doing so, defendant intended to cause serious physical harm or that she knew that serious physical harm would be caused. Accordingly, we affirm the Court of Appeals decision affirming the circuit court's reinstatement of the felony-murder charges against defendant and remand this case to the trial court for proceedings consistent with this opinion.

Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

9

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                          No. 123760

TARAJEE SHAHEER MAYNOR,

    Defendant-Appellee.

_____

WEAVER, J.  (*concurring*).

I concur in the result of the majority opinion, but write separately because the majority fails to state whether first-degree child abuse[1] is a general intent crime or a specific intent crime.[2]  The failure to address this aspect of the case will cause confusion in the lower courts when attorneys and trial judges attempt to determine what

---

[1] MCL 750.136b(2).   This statute provides:

> A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical harm or serious mental harm to a child.  Child abuse in the first degree is a felony punishable by imprisonment for not more than 15 years.

[2] The Court also declined to reach this issue in *People v Sherman-Huffman,* 466 Mich 39, 40; 642 NW2d 339 (2002), because we concluded that there was sufficient evidence in that case to convict the defendant of third-degree child abuse regardless of whether the crime was a specific intent crime or a general intent crime.

instructions must be provided to the jury. Contrary to the majority's assertion, the standard jury instruction for first-degree child abuse, CJI2d 17.18, does not clearly explain that the prosecution must establish both that defendant intended to leave her children in the car *and* that by doing so, she intended to cause harm or knew that serious physical harm would be caused. Consequently, attorneys and trial judges will be at a loss about how the proper burden of proof can be explained to the jury.

I would hold that pursuant to the current language of the statute, first-degree child abuse is a crime of specific intent, requiring the prosecution to establish not only that defendant intended to leave her children in the car, but also that by doing so, defendant intended to cause serious physical harm or that she knew that serious physical harm would be caused. Additionally, I would hold that, because first-degree child abuse is a specific intent crime, it is appropriate to provide the jury with an instruction on specific intent. For these reasons, I would affirm the Court of Appeals decision affirming reinstatement of the felony-murder charges[3] against defendant.

_____

[3] MCL 750.316(1)(b). This statute provides in part that a person commits murder in the first-degree if the murder is

(continued…)

2

When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. Where the language is unambiguous, we give the words their plain meaning and apply the statute as written. *In re MCI,* 460 Mich 396, 411; 596 NW2d 164 (1999).

Traditionally, general intent crimes involve merely the intent to do the physical act, while specific intent crimes involve a particular criminal intent beyond the act done. *People v Beaudin,* 417 Mich 570, 574; 339 NW2d 461 (1983). Black's Law Dictionary further explains that "general intent" is "the intent to do that which the law prohibits. It is not necessary for the prosecution to prove that the defendant intended the precise harm or the precise result which eventuated." Black's Law Dictionary (6th ed). Specific intent is "[t]he mental purpose to accomplish a specific act prohibited by law." *Id.* Specific intent designates "a special mental element which is required above and beyond any mental state required with respect to the *actus reus* of the crime." *Id.*

The child abuse statute provides:

---

(…continued)
committed "in the perpetration of, or attempt to perpetrate . . . child abuse in the first degree. . . ."

3

> A person is guilty of child abuse in the first degree if the person *knowingly or intentionally causes serious physical harm or serious mental harm to a child.* Child abuse in the first degree is a felony punishable by imprisonment for not more than 15 years. [MCL 750.136b(2) (emphasis added).]

The prosecution contends that the italicized language only requires a general intent on defendant's part—that is, the prosecution must only prove that defendant intended to leave her children in the car, not that she intended to seriously harm them by leaving them in the car. I disagree with this argument because it is contrary to the plain language of the statute.

The plain language of the current statute requires that to be convicted of first-degree child abuse, a person "knowingly or intentionally causes serious physical harm or serious mental harm to a child." MCL 760.136b(2). In *People v Whitney*, 228 Mich App 230, 255; 578 NW2d 329 (1998), the Court of Appeals concluded that MCL 15.272, which addresses violations of the Open Meetings Act, was a specific intent crime because the word "intentionally" modified the word "violates." Similarly, in the first-degree child abuse statute, the words "knowingly or intentionally" modify the phrase "causes serious physical or mental harm to a child." Thus, this language requires more from defendant than a general intent to commit an act. The prosecution must prove that by leaving her children in

4

the car, the defendant intended to cause serious physical or mental harm to the children or that she knew that serious mental or physical harm would be caused by leaving them in the car.

Contrasting the language of the first-degree child abuse provision with the language of the second-degree child abuse provision further demonstrates that first-degree requires more than simply an intent on the part of defendant to leave her children in the car. The language of the second-degree child abuse provision provides:

> A person is guilty of child abuse in the second degree if any of the following apply:
>
> (a) The person's omission causes serious physical harm or serious mental harm to a child or if the person's reckless act causes serious physical harm to a child.
>
> (b) The person *knowingly or intentionally commits an act likely to cause serious physical or mental harm* to a child regardless of whether harm results.
>
> (c) The person knowingly or intentionally commits an act that is cruel to a child regardless of whether harm results. [MCL 750.136b(3) (emphasis added).]

In the second-degree child abuse provision, the words "knowingly" and "intentionally" modify the phrase "commits an act." Thus, to establish second-degree child abuse, the prosecution must prove only that a defendant intended to *commit an act* likely to cause harm. The prosecution does

5

not have to prove that a defendant intended serious physical or mental harm.

Had the Legislature intended that it be enough to sustain a conviction for first-degree child abuse by proving only that the person intended to *commit the act* that caused harm, the Legislature could have included language similar to the language used in the second-degree child abuse provision and stated: it is first-degree child abuse to "knowingly or intentionally *commit an act* that causes serious physical or mental harm to a child." But the Legislature chose not to include this phrasing, and I will not usurp the Legislature's role by reading this additional language into the statute.[4]

Because I would hold that first-degree child abuse is a specific intent crime, I would further conclude that it

---

[4] Several house bills have been introduced to amend the child abuse statute. See HB 4327, HB 4468, and HB 4583. Interestingly, one of these bills, HB 4468, would add an additional means for establishing first-degree child abuse: it is child abuse in the first degree if "the person *knowingly or intentionally commits an act that causes serious physical or serious mental harm* to a child." (Emphasis added.) On April 1, 2004, consideration of HB 4468 was postponed temporarily. 2004 Journal of the House of Representatives 623 (No. 30, April 1, 2004).

A House Bill has also been introduced that would make it a crime to leave a child unattended in a vehicle. See HB 4499.

is appropriate to provide the jury with the instruction on specific intent, CJI2d 3.9, which states:

> (1) The crime of _____ requires proof of a specific intent. This means that the prosecution must prove not only that the defendant did certain acts, but that [he / she] did the acts with the intent to cause a particular result.

> (2) For the crime of _____ this means that the prosecution must prove that the defendant intended to [*state the required specific intent*].

> (3) The defendant's intent may be proved by what [he / she] said, what [he / she] did, how [he / she] did it, or by any other facts and circumstances in evidence.[5]

I disagree with the majority's assertion that the standard jury instruction for first-degree child abuse, CJI2d 17.18,[6]

---

[5] I note that because MCL 750.136b(2) makes it a crime to "knowingly or intentionally" cause harm, I would instruct the trial court to include both aspects—intentionally causing harm and knowingly causing harm—when it states the required specific intent in § 2.

[6] CJI2d 17.18 provides:

> (1) The defendant is charged with the crime of first-degree child abuse. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> [*Choose (2) or (3):*]

> (2) First, that [*name defendant*] is the [parent/ guardian] of [*name child*].

> (3) First, that [*name defendant*] had care or custody of or authority over [*name child*] when the abuse allegedly happened.

(continued…)

7

is sufficient instruction regarding intent. As is evidenced by this case, CJI2d 17.18 offers no clear explanation of intent for the jury. Accordingly, providing a specific intent instruction is necessary to guide the jury regarding what the prosecutor must prove under MCL 750.136b(2)—in this case, that defendant not only intended to leave her children in the car, but also that, by doing so, she intended to cause serious physical harm or knew

---

(…continued)

  (4) Second, that the defendant either knowingly or intentionally caused [serious physical harm / serious mental harm] to *[name child].*

*[Choose (a) or (b):]*

  (a) By "serious physical harm" I mean any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut.

  (b) By "serious mental harm" I mean an injury to a child's mental condition that results in visible signs of an impairment in the child's judgment, behavior, ability to recognize reality, or ability to cope with the ordinary demands of life.

  (5) Third, that *[name child]* was at the time under the age of 18.

that serious physical harm would be caused.[7]  The majority's conclusion that such an instruction is not necessary will only result in confusion at the trial court level.

## Conclusion

I would conclude that first-degree child abuse is a crime of specific intent, requiring in this case that the prosecution establish not only that defendant intended to leave her children in the car, but also that, by doing so, defendant intended to cause serious physical harm or knew that serious physical harm would be caused.  Additionally, I would conclude that because first-degree child abuse is a

---

[7]I also note that I agree with the Court of Appeals that there is sufficient evidence from which the jury could conclude that defendant acted with the requisite intent for first-degree child abuse.  In the present case, defendant left her children, ages ten months and three years, in a car for approximately 3½ hours on a day in late June, when temperatures were in the eighties.  Defendant admitted that she made up the story about being abducted so that people would not think that she was a horrible person "who left [her] children in a hot car."  She also explained that she had never left her children alone in the car before.  These statements suggest that defendant was aware of the risks to her children if they were left alone in a hot car. Additionally, the fact that at least one of the car windows was rolled down an inch or two suggests that defendant had knowledge that the inside of the car would become hot while it sat in an unshaded, asphalt parking lot on a hot June day.  Moreover, given the children's very young ages, leaving these children unattended anywhere for 3½ hours could be considered questionable conduct that might harm the children.  Although defendant left the salon to purchase a snack, she did not check on her children during the 3½ hours that she was in the salon.  From all this evidence, a jury could infer that, by leaving her children in a hot car for 3½ hours, defendant intended to cause harm or knew that harm would be caused to her children.

specific intent crime, it is appropriate to provide the jury with an instruction on specific intent. Accordingly, I concur in the result of the majority opinion, which affirms the Court of Appeals decision affirming the circuit court's reinstatement of the felony-murder charges against defendant.

Elizabeth A. Weaver
Michael F. Cavanagh
Marilyn Kelly
