# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JAMES PATRICK KELEL, JR.,

Defendant-Appellee.

UNPUBLISHED
July 16, 2015

No. 321926
Oakland Circuit Court
LC No. 2014-138797-AR

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the circuit court order affirming the district court's dismissal of one count each of operating under the influence of a controlled substance, 3rd offense, MCL 257.625(1), and possession of a controlled substance, MCL 333.7403(1), (2)(b)(*ii*). We vacate the decisions of the lower courts and remand to the district court for consideration under the proper standard for determining whether to bind defendant over for trial.

According to the evidence introduced at the preliminary examination, in the early morning hours of July 28, 2012, police observed defendant driving 25 to 30 mph, in an area where the speed limit was 55 mph. When police spoke with defendant, his speech was slowed and slurred, his movements were lethargic, and he was visibly shaking. Defendant denied consuming alcohol, but admitted to taking a Vicodin earlier in the day. Based on defendant's performance of field sobriety tests, a police officer concluded, based on his training and experience, that defendant was under the influence of alcohol or drugs. Defendant was then placed under arrest. While performing an inventory search of the vehicle, officers found an unmarked prescription bottle containing 12 white pills, later identified as dihydrocodeinone, a Schedule 3 narcotic. The results of a blood test showed that, among other things, defendant had hydrocodone and hydrocodone metabolite in his system. Hydrocodone is a controlled medication contained in Vicodin and other prescription medications. As part of his defense to the charges, defendant introduced into evidence a 2009 prescription for 30 tablets of hydrocodone.

Defendant was charged with operating under the influence of a controlled substance, 3rd offense, MCL 257.625(1), possession of a controlled substance, MCL 333.7403(1),(2)(b)(*ii*), and a misdemeanor charge for operating with a suspended license, MCL 257.904(3)(a). Following the preliminary examination, the district court dismissed the charges for operating under the

-1-

influence of a controlled substance and possession of a controlled substance.[1] Notably, when issuing its ruling, the district court stated that probable cause was not the appropriate standard to determine whether a crime had been committed. Rather, the court found that a preponderance of the evidence was the appropriate standard and that, under this standard, the prosecution had not shown that a crime was committed. Specifically, the district court stated:

> The--the issue we have here is we're--we're using words probable cause consistently. The Court has never held that standard. In fact, I've written an article for the State Bar Journal. I've said it over and over and over again for years and years that that is not the appropriate standard to apply. Probable cause has been applied [when] the magistrate and/or the judge issued the--the search warrant or the warrant for the arrest and based on the Complaint that was given, that's probable cause.

> At this particular point in time the Court's duty is to find whether there has been [a crime] committed. That's my duty. And I look at that, that means more likely than not that a crime has been committed then we get to probable cause whether the defendant did commit that crime. To show that the People have to show that--that a crime by a preponderance of the evidence was committed. . . . [The police officer] did his job as--as he appropriately should. The--there was reasonable suspicion, the car was driving too slow, he turns into a--into a landscape place . . . it's dark, it's at night and so he did the work that he should've done.

> The defendant exhibited problems. He couldn't pass the sobriety test. All those which gave the--the Officer the right to make the arrest based upon probable cause.

> But now we get into a little higher standard. Was there a crime committed? And I think that [defense counsel] has shown the Court, and through the People's own witnesses, that a crime has not been committed by a preponderance of the evidence . . . . You know, there's nothing [in] the law that says he can't carry his script in an unmarked script bottle, nothing says he can't carry it on him any time he wants to. And I, you know, from--just from living life, know that people keeps [sic] scripts for a long time and they take it when they want to. It just is a fact of life.

> It is not enough to show me that a crime was committed. So, counts [one] and two are dismissed.

---

[1] The district court ordered that defendant's charge for operating with a suspended license was to be set for pre-trial.

The circuit court affirmed the dismissal of the charges, finding that the district court had not abused its discretion. This Court then granted the prosecution's application for leave to appeal the circuit court's order.

On appeal, the prosecution argues that the district court abused its discretion by failing to apply the correct standard to the question of whether a crime was committed. In particular, the prosecutor argues that the trial court erroneously applied a preponderance of the evidence standard to whether a crime was committed when in actuality a probable cause standard governs this determination pursuant to MCR 6.110(E). We agree.

Following review by the circuit court, our review of the district court's bindover decision is de novo in the sense that we afford no deference to the circuit court's review. *People v Norwood*, 303 Mich App 466, 468; 843 NW2d 775 (2013). More particularly, we review a district court's determination of whether there was sufficient evidence to bind over a defendant for an abuse of discretion. *People v Flick*, 487 Mich 1, 9; 790 NW2d 295 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012). We review de novo the district court's rulings concerning questions of law. *Flick*, 487 Mich at 9. If a trial court makes an error of law, an abuse of discretion has necessarily occurred. *Waterstone*, 296 Mich App at 132.

The issue of contention in this case is a question of law, namely whether the probable cause standard applies to both the determination that a felony has been committed and the determination that defendant committed the crime, or whether, as the district court concluded, a preponderance of the evidence standard instead governs the determination of whether a crime has been committed. Relevant to resolution of this dispute, at the time the order being appealed was entered,[2] MCL 766.13 provided:

> If it shall appear to the magistrate at the conclusion of the preliminary examination either that an offense has not been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant. If it shall appear to the magistrate at the conclusion of the preliminary examination that a felony has been committed and there is probable cause for charging the defendant therewith, the magistrate shall forthwith bind the defendant to appear before the circuit court of such county, or other court having jurisdiction of the cause, for trial.

By its plain terms, MCL 766.13 makes clear that a probable cause standard applies to the determination of whether there is cause for charging a defendant with the crime, but the statute does not define the standard of proof applicable to the determination of whether a crime has been committed. See *People v Fiedler*, 194 Mich App 682, 690; 487 NW2d 831 (1992). The burden of proof applicable to this determination has, however, been clearly defined by MCR 6.110(E), which provides in relevant part that:

---

[2] MCL 766.13 has been recently amended. See 2014 PA 123, effective May 2014.

If, after considering the evidence, the court determines that probable cause exists to believe *both* that an offense not cognizable by the district court has been committed and that the defendant committed it, the court must bind the defendant over for trial. [Emphasis added.]

There is no conflict between MCL 766.13 and MCR 6.110(E), and the probable cause standard set forth in MCR 6.110(E) governs consideration of whether a crime has been committed. See *Fiedler*, 194 Mich App at 689-692. Indeed, consistent with the plain language of the court rule, the Michigan Supreme Court and this Court have repeatedly recognized that "[t]he purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it." *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003); *People v Cohen*, 294 Mich App 70, 74; 816 NW2d 474 (2011); *People v Lowery*, 274 Mich App 684, 685; 736 NW2d 586 (2007). In short, it is firmly established in this state that, as a matter of law, the probable cause standard governs the determination of whether a crime has been committed as well as the determination of whether there is reason to believe defendant committed that crime.

By instead applying a preponderance of the evidence standard to the determination of whether a crime had been committed, the district court disregarded binding appellate precedent and ignored the plain language of MCR 6.110(E). Further, by applying an incorrect legal standard, the district court made an error of law and thus necessarily abused its discretion. See *Waterstone*, 296 Mich App at 132. Consequently, we vacate the decisions of the lower courts and remand to the district court for bindover consideration under the correct legal standard consistent with this opinion.

Vacated and remanded. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter

-4-