*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TIMOTHY KRZEMINSKI,

        Defendant-Appellant.

UNPUBLISHED
May 21, 2019

No. 344671
Ionia Circuit Court
LC No. 2017-017117-FH

Before: SHAPIRO, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the circuit court's order denying his motion to quash, dismiss, and suppress evidence. For the reasons set forth in this opinion, we affirm the circuit court's decision to deny defendant's motion. However, we reach our conclusion based on different reasoning than employed by the circuit court.

## I. INTRODUCTION

Defendant was charged with operating while intoxicated, third offense (OWI-3rd), MCL 257.625(1) and (9)(c); resisting or obstructing arrest, MCL 750.81d(1); and driving with license suspended, MCL 257.904(1) and (3)(a). Both OWI-3rd and resisting or obstructing arrest are felony offenses. 257.625(9)(c); MCL 750.81d(1). Defendant's arrest occurred in an open field behind a residence, and defendant has presented his case to this Court as whether an open field is an "other place open to the general public or generally accessible to motor vehicles" for purposes of MCL 257.625(1), which prohibits the operation of "a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated." According to defendant's view of the facts presented at the preliminary examination, defendant

---

[1] *People v Krzeminski*, unpublished order of the Court of Appeals, entered December 5, 2018 (Docket No. 344671).

was *only* seen driving his vehicle in the open field and there was no evidence that defendant ever operated his vehicle on a highway. However, upon plenary review, it is apparent that defendant paints an inaccurate and incomplete factual picture; such that it is unnecessary for this Court to decide defendant's legal questions surrounding defendant operating a motor vehicle in an open field. Hence, because the evidence at the preliminary examination supported a conclusion that probable cause existed to believe that defendant violated the statute by driving while intoxicated *on a highway*, we affirm.

## II. BACKGROUND

At the preliminary examination, the prosecution presented the testimony of two witnesses, Timothy Krizov and Michigan State Police Trooper Timothy Moreno.

Krizov testified that on April 5, 2017, he was driving home and saw a truck in a field located at the bottom of a hill and adjacent to Charlotte Highway, near the intersection with Newman Drive. Krizov noticed "the taillights and a light flicker," and he testified that the truck was facing away from the highway. Krizov stopped and shined his flashlight toward the truck, and a person whom Krizov subsequently identified as defendant got out of the truck on the driver's side. Krizov described the truck as a teal green, Mazda truck with a "topper." Defendant came up the hill toward the road and indicated that he was "out in the mud puddle with his girlfriend, just out and about." Krizov asked defendant if he needed help. Defendant declined and informed Krizov that he lived "right up the road" and was "good." Krizov testified that defendant turned around, "kinda did a dance turn and then kinda lost his balance and almost—you know—not rolled down the hill, but stumbled down the hill." Defendant got back into the truck on the driver's side, and Krizov drove away.

Moreno testified that on April 5, 2017, he was dispatched to the area near the intersection of Charlotte Highway and Newman Drive to respond to a call about a vehicle in the ditch. When he drove by, he did not see any vehicles but he discovered tire tracks on the highway "going into the mud down there." Moreno testified that he also found more tire tracks leading from the ditch onto Charlotte Highway and continuing south on the highway. Moreno followed the tire tracks to the dirt driveway of a residence on Charlotte Highway. He knocked on the door of the residence and spoke to the owner, after which he continued following the tire tracks, on foot, down the driveway. Moreno testified that there was a single set of "wet tire tracks" that had led him to the residence and that these same tracks continued down the driveway, down a hill, and "into an open field." In the field, Moreno saw and heard a pickup truck driving around, which he described as a "smaller pickup truck" with a "topper." Eventually, the truck passed within 10 feet of Moreno and stopped. Moreno testified that he saw defendant driving the truck. After the truck stopped, defendant got out of the truck. At some point, defendant told Moreno that he was the only one driving. Moreno testified that he could smell an odor of "intoxicants," that defendant declined to perform field sobriety tests, and that he arrested defendant for operating while intoxicated. Defendant physically resisted Moreno's attempts to place handcuffs on him. Moreno obtained a search warrant to test defendant's blood.

As pertinent to the issue raised by defendant on appeal,[2] the district court concluded at the end of the preliminary examination that there was probable cause to believe defendant violated MCL 257.625(1) and bound defendant over to the circuit court, specifically finding that there was circumstantial evidence that defendant drove his vehicle on Charlotte Highway.

In the circuit court, defendant filed a motion to quash, dismiss, and suppress. Defendant argued that the evidence was insufficient to support the district court's decision to bind him over and that the issue in the case was actually whether he had operated a motor vehicle in an area open to the general public or generally accessible to motor vehicles. In a written opinion, the circuit court denied defendant's motion, concluding that defendant was prohibited under MCL 257.625(1) from operating his vehicle while intoxicated in the open field where defendant's arrest occurred because the field was "generally accessible to motor vehicles" for purposes of the statute.

## III. ANALYSIS

Defendant argues on appeal that the district court erred in binding him over and that we should reverse the circuit court's decision denying his motion to quash, dismiss, and suppress. As he did below, defendant contends that the prosecution did not sufficiently demonstrate that he violated MCL 257.625(1) because there was no evidence that he operated his vehicle on Charlotte Highway and the open field where he was arrested was not a place that was open to the general public or generally accessible to motor vehicles.

At its legal core, defendant's argument is a challenge to the circuit court's decision on the motion to quash and the underlying district court bind over decision with respect to his OWI charge specifically. We thus begin our analysis accordingly.

"A district court magistrate's decision to bind over a defendant and a trial court's decision on a motion to quash an information are reviewed for an abuse of discretion." *People v Bass*, 317 Mich App 241, 279; 893 NW2d 140 (2016) (quotation marks and citation omitted). Our review is de novo to the extent that the lower court's decision was based on an interpretation of law. *Id*.

This Court has previously explained the applicable legal standards as follows:

> "The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it. MCR 6.110." *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003). "The prosecutor need not establish beyond a reasonable doubt that a crime was committed. He need present only enough evidence" to satisfy the probable cause standard, i.e., sufficient evidence "on each element of the charged offense to lead a person of ordinary

---

[2] Defendant has not raised any issue on appeal with respect to his charges for resisting or obstructing arrest or driving with license suspended.

prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *Id*. (quotation marks, citations, and brackets omitted). "Thus, charges should not be dismissed merely because the prosecutor has failed to convince the reviewing tribunal that it would convict. That question should be reserved for the trier of fact." *Id*. [*Bass*, 317 Mich App at 280.]

MCL 257.625(1) provides in pertinent part that a "person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated." The term "operate" means "[b]eing in actual physical control of a vehicle." MCL 257.35a(a).[3] Defendant does not argue that he was not intoxicated as that term is used within the statute but instead focuses his argument on whether there was sufficient evidence to support the conclusion that he operated his vehicle in one of the prohibited places enumerated in the statute. "MCL 257.625(1) prohibits operating a vehicle while intoxicated in three types of locations: (1) upon a highway, (2) in a place open to the general public, or (3) in a place generally accessible to motor vehicles." *People v Rea*, 500 Mich 422, 428; 902 NW2d 362 (2017).

In this case, the evidence introduced at the preliminary examination was sufficient to satisfy the probable cause standard with respect to the OWI charge. Krizov saw defendant get out of the driver's side of his truck while it was in a ditch near the intersection of Charlotte Highway and Newman Drive. Later the same night, Moreno was dispatched to this same area based on a call about a vehicle in a ditch. When Moreno arrived, defendant's truck was gone. But Moreno found tire tracks leading from the highway into the ditch, then out of the ditch, and then back onto Charlotte Highway. The tire tracks continued on the highway to a residence, onto the residence's driveway, and finally into the open field behind the residence where defendant was arrested. Moreover, Moreno testified that these tire tracks—which he followed along the highway directly from the ditch to the open field where defendant was found driving his truck— were "wet." Both Krizov and Moreno described defendant's truck as having a topper. It is evident that defendant's truck somehow had to get from the ditch where Krizov saw it to the open field behind the residence where Moreno discovered defendant. There were wet tire tracks on the highway connecting these two locations, defendant was driving his truck in the field when Moreno found him, and defendant told Moreno that he was the only person who had been driving his truck that night. Based on this evidence, a person of ordinary prudence and caution could conscientiously entertain a reasonable belief that defendant operated his vehicle on Charlotte Highway by driving it out of the ditch and down the road to the open field behind the residence. *Bass*, 317 Mich App at 280. The prosecutor was not required to prove this element beyond a reasonable doubt at the preliminary examination. *Id*. Therefore, the district court did

---

[3] "Operate" also means "[c]ausing an automated motor vehicle to move under its own power in automatic mode upon a highway or street regardless of whether the person is physically present in that automated motor vehicle at that time," MCL 257.35a(b), but there is no indication that this provision is applicable in this case.

not abuse its discretion by determining that there was probable cause to believe that defendant had committed the crime of OWI based on his operation of his truck on a highway. *Id.*

Contrary to defendant's contentions, this case is not one where law enforcement simply found him driving his truck in an open field and without any evidence that he had recently driven his truck on the highway. Consequently, we are not presented with a situation requiring us to actually decide whether the open field where defendant was arrested is "open to the general public or generally accessible to motor vehicles" for purposes of MCL 257.625(1), even though this question is an interesting legal one. See *Rea*, 500 Mich at 434 n 10, 436 (holding that a private driveway "is an area 'generally accessible to motor vehicles' for purposes of MCL 257.625(1)" but expressly declining to decide "whether MCL 257.625(1) also prohibits driving while intoxicated in other places—such as lawns or open fields—that are not designed for such traffic"). Because these two locations (a place open to the general public, or a place generally accessible to motor vehicles) are not actually implicated by the facts of this case—which simply involves a rather ordinary situation where defendant allegedly drove on a highway *to* a location where he was apprehended and that happened to be an open field—the question whether the open field in this case was open to the general public or generally accessible to motor vehicles is a hypothetical one that is best left for another day. See *id.* at 442 (LARSEN, J., concurring in the result only) ("Because I believe that driveways are 'generally accessible to motor vehicles,' I would resolve this straightforward case on its own facts and leave for a future case the determination of the precise boundaries of MCL 257.625(1)."); *id.* at 436 (I believe that the case before us fits easily within the statute; I would, therefore, wait for a case that pushes the boundaries of MCL 257.625 to explore where its edges lie."). Unfortunately, this case is not the one "that pushes the boundaries of MCL 257.625 to explore where its edges lie." *Id.*

Put differently, this particular question regarding the application of MCL 257.625(1) to the open field in this case is not ripe for our review. "[T]he ripeness doctrine precludes adjudication of a hypothetical or contingent claim before an actual injury is incurred." *People v Bosca*, 310 Mich App 1, 57; 871 NW2d 307 (2015). Determining whether an issue is justiciably ripe requires us to "assess whether the harm asserted has matured sufficiently to warrant judicial intervention," which involves "the balancing of any uncertainty as to whether defendant[ ] will actually suffer future injury, with the potential hardship of denying anticipatory relief." *Id.* at 56 (quotation marks and citation omitted; alteration in original). In this case, a decision on whether the open field was open to the general public or generally accessible to motor vehicles for purposes of MCL 257.625(1) would have no bearing on whether the district court abused its discretion by binding defendant over to the circuit court because, as we have already explained, there was sufficient evidence to support a conclusion that probable cause existed to believe that defendant drove his truck on Charlotte Highway. Thus, this question is a purely hypothetical one that is not ripe for our adjudication. *Id.* at 56-57.

We affirm the circuit court's decision to deny defendant's motion, but we do so for the alternate reasons expressed in this opinion.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Jane M. Beckering