# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL THOMAS WANSHON, also known as
DANIEL WASHINGTON,

        Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No. 317805
Wayne Circuit Court
LC No. 13-002114-FC

Before: RIORDAN, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, first-degree home invasion, MCL 750.110a, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, felonious assault, MCL 750.82, and larceny in a building, MCL 750.360. Defendant was sentenced to 51 months to 10 years for armed robbery, 45 months to 20 years for first-degree home invasion, two years for felony-firearm, 175 days for felonious assault, and 175 days for larceny in a building. These convictions stem from defendant breaking and entering into his neighbor's house while armed with a gun. We affirm.

## I. SUFFICIENCY

## A. STANDARD OF REVIEW

Defendant first contends that his convictions were not supported with sufficient evidence. We review *de novo* a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citations omitted). We resolve evidence conflicts in favor of the prosecution, "and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

## B. ANALYSIS

-1-

Defendant does not identify the elements of his convictions nor raise any specific arguments relating to the elements of his crimes. Instead, he merely identifies perceived weakness in the prosecution's case and alleges conflicts in the evidence. However, as noted above, we resolve all conflicts of the evidence in favor of the prosecution and draw all credibility inferences in favor of the jury's verdict. *Tennyson*, 487 Mich at 735. Furthermore, there was sufficient evidence to support defendant's conviction.

The elements of armed robbery are:

> [U]sing force or violence against any person who is present at a larceny or assaulting or putting the person in fear, in the course of committing a larceny. To commit an armed robbery, the defendant must also either (1) possess a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or (2) represent orally or otherwise that he or she is in possession of a dangerous weapon. [*People v Hardy*, 494 Mich 430, 446; 835 NW2d 340 (2013) (quotation marks and brackets omitted).]

A conviction of armed robbery may be based on an attempt to commit a larceny rather than the completion of such an act. *People v Williams*, 491 Mich 164, 172-175; 814 NW2d 270 (2012). Here, the victim testified that defendant entered his home without permission, attempted to carry away a television, and pointed a shotgun at the victim. The victim's cellular phone and the victim's girlfriend's purse also were taken. When defendant was arrested, the police officers recovered the victim's stolen cellular phone in the home. Thus, the evidence shows that during the course of stealing these things, defendant possessed a dangerous weapon, the shotgun, and pointed it at the victim. MCL 750.529. Accordingly, the evidence was sufficient to support an armed robbery conviction.

The elements of first-degree home invasion are: (1) defendant either broke and entered a dwelling or entered a dwelling without permission; (2) defendant either intended when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling committed a felony, larceny, or assault; and (3) while defendant was entering, present in, or exiting the dwelling, he was either armed with a dangerous weapon or another person was lawfully present in the dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).

The victim and his girlfriend testified that defendant did not have permission to be in their home. Defendant pointed a gun at the victim while inside the home. Further, defendant's intent to commit a larceny can be inferred from his attempt to carry away the complainants' television and the fact that he was in possession of victim's cellular phone.[1] See *People v Lawton*, 196 Mich App 341, 349; 492 NW2d 810 (1992) ("Intent, like any other fact, may be proven indirectly by inference from the conduct of the accused and surrounding circumstances

---

[1] The victim's girlfriend's purse was not found.

from which it logically and reasonably follows." (Quotation marks and citation omitted.)) Defendant's first-degree home invasion conviction was supported with sufficient evidence.

As for felony-firearm, "one must carry or possess the firearm, and must do so when committing or attempting to commit a felony." *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000) (emphasis omitted). The victim testified that defendant possessed, and threatened him with, a firearm while committing the felonies of first-degree home invasion and armed robbery. The police recovered a bullet casing in the victim's backyard. There was sufficient evidence to support defendant's felony-firearm conviction.

"The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (quotation marks and citation omitted). The victim testified that defendant pointed a shotgun at him and the victim feared defendant would shoot him. Further, defendant's intent to place the victim in apprehension of a battery can be inferred from this conduct. See, e.g., *People v Avant*, 235 Mich App 499, 505-506; 597 NW2d 864 (1999); see also *Lawton*, 196 Mich App at 349. In light of the foregoing, we find sufficient evidence to support defendant's felonious assault conviction.

Lastly, larceny in a building, MCL 750.360, states: "Any person who shall commit the crime of larceny by stealing in any dwelling house . . . shall be guilty of a felony." Again, the victim saw defendant inside his living room attempting to carry away his television. Defendant did not have permission to take the victim's cellular phone. There was sufficient evidence to support defendant's conviction for larceny in a building.

## II. IDENTIFICATION EVIDENCE

### A. STANDARD OF REVIEW

"The trial court's decision to admit identification evidence will not be reversed unless it is clearly erroneous." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id.*

### B. ANALYSIS

"A photographic identification procedure violates a defendant's right to due process of law when it is so impermissibly suggestive that it gives rise to a substantial likelihood of misidentification." *People v Gray*, 457 Mich 107, 111; 577 NW2d 92 (1998). However, "[s]imply because an identification procedure is suggestive does not mean it is necessarily constitutionally defective." *People v Colon*, 233 Mich App 295, 304; 591 NW2d 692 (1998). Even if the identification is unduly suggestive, suppression of the witness's identification testimony is not required where there is an untainted, independent basis for the identification. *Gray*, 457 Mich at 115. The factors considered in determining whether there is an independent basis for the admission of an in-court identification include:

> (1) prior relationship with or knowledge of the defendant; (2) opportunity to observe the offense, including length of time, lighting, and proximity to the

criminal act; (3) length of time between the offense and the disputed identification; (4) accuracy of description compared to the defendant's actual appearance; (5) previous proper identification or failure to identify the defendant; (6) any prelineup identification lineup of another person as the perpetrator; (7) the nature of the offense and the victim's age, intelligence, and psychological state; and (8) any idiosyncratic or special features of the defendant. [*People v Davis*, 241 Mich App 697, 702-03; 617 NW2d 381 (2000).]

On appeal, defendant argues that the identification was unfairly suggestive and not supported with an independent basis. However, the witness had a prior relationship with the defendant and "the photograph was used only to help confirm the identity of the person the witness had already identified[.]" *People v Woolfolk*, 304 Mich App 450, 457-458; 848 NW2d 169 (2014) ("[t]he witness testified that he knew, and grew up with, the shooter. Under these circumstances, the use of a single photograph did not create a substantial likelihood of misidentification and, therefore, did not violate defendant's right to due process.").

The victim knew defendant as his neighbor of the past four to five months before the robbery. The victim and defendant had spoken multiple times previously. The victim also told the responding officers that the robber was his neighbor and reiterated this belief when making the identification. When viewing defendant's license photograph, the victim identified defendant as his neighbor and as the robber, with no inappropriate suggestion from the officer. The victim also had a good opportunity to view defendant during the home invasion. We find that under these circumstances, the use of a single photograph was not unduly suggestive.

## III. PHOTOGRAPHIC EVIDENCE

### A. STANDARD OF REVIEW

Defendant next argues that the trial court abused its discretion in admitting into evidence a photograph of him and a black male, with defendant holding a gun. We review evidentiary issues for an abuse of discretion. *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011). "A trial court abuses its discretion when it chooses an outcome that is outside the range of reasonable and principled outcomes." *People v Orr*, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

### B. ANALYSIS

On appeal, defendant contends that the photograph was irrelevant. However, in the lower court, defense counsel stated that the evidence was "certainly relevant." "A defendant should not be allowed to assign error to something that his own counsel deemed proper." *People v Breeding*, 284 Mich App 471, 486; 772 NW2d 810 (2009). Moreover, the relevancy "threshold is minimal: any tendency is sufficient probative force." *People v Feezel*, 486 Mich 184, 197; 783 NW2d 67 (2010) (quotation marks and citation omitted). The photograph tended to prove that defendant lived in the home the police searched, in which the victim's cellular telephone was found, and that defendant had access to weapons.

Nor was the relevance substantially outweighed by the danger of unfair prejudice. MRE 403. The trial court properly exercised its discretion in admitting the photograph. "Rule 403

determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony[.]" *People v VanderVliet*, 444 Mich 52, 81; 508 NW2d 114 (1993) amended 445 Mich 1205 (1994). Here, the evidence was relevant to show defendant's residence, his access to guns, and to corroborate the victim's testimony. Furthermore, "[a]ll relevant evidence is prejudicial; it is only unfairly prejudicial evidence that should be excluded. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee*, 268 Mich App 600, 613-614; 709 NW2d 595 (2005) (citation omitted). The trial court properly exercised its discretion in determining that any prejudicial effect was not substantially outweighed by its probative value. The trial court also gave the jury a cautionary instruction to prevent it from considering the evidence for an improper, unfairly prejudicial purpose. Accordingly, defendant cannot establish error requiring reversal.

## IV. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Defendant next contends that the prosecution committed misconduct during cross-examination. Because defendant did not object based on prosecutorial misconduct grounds, our review is for plain error affecting substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

### B. ANALYSIS

During cross-examination, the prosecutor highlighted the contradiction between defendant's testimony and the notice of alibi he filed prior to trial. The key distinction is that in his alibi notice, defendant claimed that he and his girlfriend were together in bed at the time of the crime. However, at trial, defendant admitted that his girlfriend was not present and that he was lying down alone. "[A]s a party-opponent admission, the notice of alibi may be used to impeach defendant's credibility at trial when his testimony is inconsistent with the contents of the alibi notice." *People v McCray*, 245 Mich App 631, 636-37; 630 NW2d 633 (2001). Defendant's Fifth Amendment right was not infringed upon because the prosecution impeached defendant only after he testified contrary to the alibi notice. *Id.* The prosecutor's use of the notice of alibi to impeach defendant was not improper and did not impair his right to a fair trial.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Lastly, defendant asserts a claim of ineffective assistance of counsel. Because defendant failed to preserve this issue by moving for a new trial or evidentiary hearing, our review is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

### B. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish

a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

On appeal, defendant does not clearly identify the basis for his ineffective assistance of counsel claim, nor adequately support it. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). To the extent that it is mentioned at all, defendant appears to suggest that his defense attorney should have known that defendant and his girlfriend would testify contrary to the alibi notice. But, defendant admitted that he informed defense counsel that he was with his girlfriend at the time of the robbery. Furthermore, defendant cannot show that, but for the claimed error, the outcome at trial would have been different. *Vaughn*, 491 Mich at 669. Defendant's convictions were supported by sufficient evidence, as discussed *supra*. Defendant has not demonstrated that but for the relatively limited impeachment, the outcome of the trial would have been different.

## VI. CONCLUSION

There was sufficient evidence to support defendant's convictions. Furthermore, the identification evidence as well as the photographic evidence was properly admitted. Nor were there any instances of prosecutorial misconduct or ineffective assistance of counsel. We affirm.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-6-