YOUNG, C.J.
Defendant appeals here his conviction of armed robbery. In particular, defendant argues that because he was unsuccessful in feloniously taking or removing any actual property from the intended target of his robbery, there was not a sufficient factual basis to support his guilty plea to the charge of armed robbery. We disagree. When the Legislature revised the robbery statute, MCL 750.530, to encompass a “course of conduct” theory of robbery, it specifically included “an attempt to commit the larceny” as sufficient to sustain a conviction for robbery itself. We conclude that this amendment effectuated a substantive change in the law governing robbery in Michigan such that a completed larceny is no longer necessary to sustain a conviction for the crime of robbery or armed robbery.
I. FACTS AND PROCEDURAL HISTORY
On July 13, 2006, defendant entered a gas station, declared that he had a gun, and ordered the attendant to give him all the money in the cash register. After the attendant complied, defendant forced the attendant *167 into a back room and fled the scene with approximately $160 in stolen cash. The next day, defendant entered a tobacco shop, approached the clerk with his hand in his jacket, and stated, “You know what this is, just give me what I want.” The clerk did not give defendant any money or property, and defendant fled from the store without having stolen anything. Defendant was apprehended later that day by the police.
The prosecutor charged defendant with armed robbery[1] of the gas station and, in a separate information, charged defendant alternatively with assault with intent to rob while armed[2] and armed robbery for the events related to the tobacco shop. Defendant elected to plead guilty in both cases. At defendant’s plea hearing, the prosecutor advised that he would dismiss the charge of assault with intent to rob while armed in the tobacco shop case in return for defendant’s guilty plea to armed robbery.
After advising defendant of his options and constitutional rights, the circuit court established a factual basis for the plea relating to the incident that occurred at the tobacco shop. Under questioning by the prosecutor, defendant admitted that he had entered the tobacco shop with the intent to steal money, had his hand “up under” his coat, and told the clerk, “You know what this is, just give me what I want.” Defendant further admitted that “it was [his] intent, at that time, for [the clerk] to give [him] the money out of the cash register.” The court accepted defendant’s guilty plea.[3] On February 9, 2007, the court sentenced defendant pursuant to a plea *168 entered in accordance with People v Cobbs[4] to concurrent prison terms of 24 to 40 years for the tobacco shop and gas station robberies.
Defendant subsequently moved to withdraw his pleas, contending that an adequate factual basis did not exist to support either conviction. Pertinent here, defendant argued that there was no evidence that he had taken or removed any property from the tobacco shop and that, absent a completed larceny, he could not be found guilty of armed robbery. The circuit court denied defendant’s motions. The court ruled that the language of the armed robbery statute as amended in 2004 allows for a conviction based on an attempted larceny, a basis that the plea discussions substantiated.[5] The Court of Appeals granted defendant’s delayed application for leave to appeal, limited to the issue whether a factual basis existed for his conviction of the tobacco store robbery.[6]
In a split decision, the Court of Appeals affirmed.[7] The majority acknowledged that while at common law a robbery required a completed larceny, the crimes of robbery and armed robbery now encompass attempts to commit those offenses following the 2004 statutory amendments. The dissenting judge argued that when the 2004 revisions are viewed through the “lens of common-law definitions,” there is inadequate support *169 for the conclusion that the armed robbery statute would permit a conviction without an accomplished larceny.[8]
We granted defendant’s application for leave to appeal to determine “whether a larceny needs to be completed before a defendant may be convicted of armed robbery.”[9]
II. STANDARD OF REVIEW
This appeal concerns the proper interpretation of MCL 750.529 and MCL 750.530 and, in particular, whether the Legislature intended to remove the completed larceny requirement from the crime of robbery when it amended those statutes in 2004. Matters of statutory interpretation raise questions of law, which this Court reviews de novo.[10]
III. THE CRIME OF ROBBERY IN MICHIGAN
In this appeal, we are concerned with the statutes pertaining to robbery, MCL 750.530, and armed robbery, MCL 750.529. At common law, the offense of robbery was defined as “the felonious taking of money or goods of value from the person of another or in his presence, against his will, by violence or putting him in fear.”[11] “To constitute robbery, it [was] essential that there be a ‘taking from the person.’ ”[12] Thus, common law robbery required a completed larceny. Armed robbery required the same showing with the additional element that the robber was armed with a dangerous weapon.[13]
*170 The crimes of robbery and armed robbery have been codified by Michigan statute since 1838.[14] All subsequent iterations of the robbery statutes required a completed larceny, consistent with the common law. Before the 2004 amendments, MCL 750.529, defining armed robbery, provided:
Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony ... .[15]
In People v Randolph, this Court considered the scope of this previous version of the robbery statute and, in particular, whether the Legislature had adopted a “transactional approach” to robbery. Under a transactional theory of robbery, “a defendant has not completed a robbery until he has escaped with stolen [property]. Thus, a completed larceny may be elevated to a robbery if the defendant uses force after the taking and before reaching temporary safety.”[16] In Randolph, this Court rejected the transactional approach as inconsistent with the plain language of the robbery statutes and common law history of robbery. Instead, we concluded that “the force used to accomplish the taking underlying a charge of unarmed robbery must be contemporaneous with the taking. The force used later to retain stolen property is not included.”[17] Therefore, because “a larceny is complete *171 when the taking occurs,”[18] any “force, violence or putting in fear must be used before or contemporaneous with the taking” in order to elevate a larceny to a robbery.[19]
Following this Court’s decision in Randolph, the Legislature amended the robbery statutes. MCL 750.529, as amended by 2004 PA 128, now provides:
A person who engages in conduct proscribed under [MCL 750.530, the robbery statute] and who in the course of engaging in that conduct, possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon, is guilty of a felony punishable by imprisonment for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while violating this section, the person shall be sentenced to a minimum term of imprisonment of not less than 2 years.
Robbery is defined within MCL 750.530; as amended by 2004 PA 128, it states, in relevant part:
(1) A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony punishable by imprisonment for not more than 15 years.
(2) As used in this section, “in the course of committing a larceny” includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.[20]
*172 IV ANALYSIS
The question before this Court is whether the Legislature intended to remove the element of a completed larceny from the crime of robbery when it amended the statutes in 2004. We hold that the Legislature demonstrated a clear intent to remove the element of a completed larceny, signaling a departure from Michigan’s historical requirement and its common law underpinnings. Accordingly, an attempted robbery or attempted armed robbery with an incomplete larceny is now sufficient to sustain a conviction under the robbery or armed robbery statutes, respectively.
Our analysis begins, as it must, with the language of the robbery statutes themselves. “The cardinal rule of statutory construction is to discern and give effect to the intent of the Legislature.”[21] This Court may best discern that intent by reviewing the words of a statute as they have been used by the Legislature. When a statute’s language is clear and unambiguous, this Court will enforce that statute as written.[22]
The Legislature revised the robbery statute at issue here by removing the prior requirement that a robber feloniously “rob, steal or take” property from another, and it replaced this language with a new statutory phrase: “in the course of committing a larceny.” Key to solving the interpretative puzzle presented in this case, the Legislature specifically defined that phrase to include acts that “occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.”[23]
*173 The Court of Appeals adopted the prosecution’s argument that the statutory language now “specifically considers and incorporates acts taken in an attempt to commit a larceny, regardless of whether the act is completed.”[24] In contrast, defendant and the Court of Appeals dissent argue that the statutory revisions were merely
intended to expand the temporal scope of the crime [of robbery], transforming it into a transactional offense. Reading [MCL 750.]530(1) and (2) as a contextual whole, it appears that the Legislature sought to make clear that robbery encompasses acts that occur before, during, and after the larceny, not that the Legislature intendéd to eliminate larceny as an element of the crime.[25]
In other words, construing “the statutory crime through the lens of common-law definitions,”[26] the Court of Appeals dissent would have held that the Legislature intended to do no more than abrogate this Court’s decision in Randolph. For the reasons stated below, we agree with the prosecution and the Court of Appeals majority.
In revising the robbery statutes, the Legislature replaced the “familiar words”[27] of the common law crime of robbery — “rob, steal and take” — with the phrase “in the course of committing a larceny,” which the Legislature specifically defined to include “acts that occur in an attempt to commit the larceny.” The word “attempt” has a well-known common and legal meaning:
1. The act or an instance of making an effort to accomplish something, [especially] without success. 2. Criminal *174 law. An overt act that is done with the intent to commit a crime but that falls short of completing the crime.[28]
Particularly in the realm of the criminal law, the word “attempt” is widely used with regard to any type of crime in which a person intends to commit a crime and acts toward its commission but is unsuccessful in its completion.
Indeed, it is inherent in the word “attempt” that the illegal act intended is not accomplished. Accordingly, the plainest understanding of the phrase “in an attempt to commit the larceny” applies to situations in which a criminal defendant makes “an effort” or undertakes an “overt act” with an intent to deprive another person of his property, but does not achieve the deprivation of property. The language of this phrase is clear on its face and not ambiguous in the least, and therefore it must be enforced as written, free of any “contrary judicial gloss.”[29]
Defendant’s alternative interpretation fails to accord this language its plain and ordinary meaning. Again, defendant argues that the 2004 amendments were merely a legislative response to this Court’s decision in Randolph and, as such, must be artificially limited to a legislative adoption of the transactional approach to robbery, which Randolph had rejected. Defendant contends that the phrase “attempt to commit the larceny” was intended to mean acts done “before” the larceny, and thus, consonant with the transactional approach, the entire time continuum in which force must be used during a robbery now includes acts done before, during, and after the commission of the larceny. This argument fails as a matter of statutory interpretation for two reasons.
*175 First and foremost, the meaning of the word “attempt” is not synonymous with “before” or “as a preface,” as defendant’s argument requires. While “attempt” refers to an unsuccessful effort to complete an act, “before” is defined as “in front of; ahead of” and “[p]rior to.”[30] These concepts are not equivalent, and the best way to determine the Legislature’s intent is by giving plain meaning to the words actually used, rather than presuming that the Legislature meant to say something entirely different. This Court will not assume that the Legislature inadvertently made use of one word or phrase instead of another.[31]
Second, the Legislature used the phrase “in an attempt” twice in the statute, but defendant would have this Court impute the “before” meaning of “attempt” only to the first use of that phrase, thereby rendering the statutory provision internally inconsistent. In addition to the use of “attempt” in the phrase “in an attempt to commit the larceny,” MCL 750.530 also provides that “in the course of committing a larceny” includes “in an attempt to retain possession of the property.”[32] Defendant does not argue that his “before” construction of “attempt” should apply to anything *176 other than the phrase “in an attempt to commit the larceny.”[33] Therefore, in order to adopt defendant’s position, this Court would have to hold that the Legislature intended the same phrase to have two different meanings within the same sentence of the same statutory provision. Defendant’s interpretation would require this Court not only to redefine an unambiguous statutory phrase in a contradictory manner, but to do so selectively.
Defendant’s interpretation that the Legislature’s use of “attempt to commit the larceny” merely serves as a placeholder for actions occurring before the larceny significantly ignores the fact that pre-larceny force was already contemplated under the prior version of the statute. Randolph itself recognized that when force is used before the larceny, that force is sufficient to sustain a conviction for robbery.[34] Indeed, this Court was in unanimous agreement in Randolph on this point.[35] Thus, given that the law already provided that force used before the larceny was within the purview of *177 the robbery statute, it would be passing strange for the Legislature to have amended this statutory language if it had merely intended to accomplish what already was. This conclusion is particularly compelling because the 2004 amendments were, in part, a legislative response to Randolph.
Instead, we believe that the clear language of the amended statutes reflects a legislative intent to effect a broader change in the robbery statutes. The 2004 revisions deleted the words denoting actual deprivation of property — “rob, steal and take” — and replaced them with a broader phrase: “in the course of committing a larceny.”[36] The deletion and replacement of what this Court long ago called the “familiar words” of robbery is perhaps the best and most compelling indication that the Legislature intended an extensive deviation from the common law rule. Such a revision would have been completely unnecessary if the Legislature had merely sought to adopt a transactional theory of robbery.
*178 Ultimately, defendant and the dissent would have this Court interpret the robbery statutes in accordance with an unstated legislative intent rather than the plain meaning of the words chosen.[37] This approach to statutory interpretation has been consistently criticized and rejected.[38] So too has this Court rejected the dissent’s resort to unauthoritative legislative analyses in order to displace statutory language.[39] Because the Legislature specifically defined “in the course of committing a larceny,” it would be inappropriate for this Court to provide meaning to that phrase in a contrary or alternative way.[40] But by arguing that the 2004 amendments *179 of MCL 750.530 should be limited to the adoption of a transactional approach to robbery, that is precisely what defendant and the dissent would have this Court do. Even recognizing that the Legislature’s 2004 revisions were spurred by a response to Randolph, it is clear that the Legislature has plainly and objectively done more than adopt a transactional approach to robbery. The Legislature’s decision to include attempted robbery within the understanding of robbery itself represents a *180 legislative choice — an exercise of its prerogative to define the elements of a crime — that this Court will not upset.
We further note that the Legislature’s particular policy decision in amending the robbery and armed robbery statutes is consistent with the Model Penal Code (MPC), which provides:
(1) Robbery Defined. A person is guilty of robbery if, in the course of committing a theft, he:
(a) Inflicts serious bodily injury upon another; or
(b) Threatens another with or purposely puts him in fear of immediate serious bodily injury; or
(c) Commits or threatens immediately to commit any felony of the first or second degree.
An act shall be deemed “in the course of committing a theft” if it occurs in an attempt to commit theft or in flight after the attempt or commission.[41]
It is noteworthy that the MPC’s definition of robbery is strikingly similar to that of Michigan’s amended robbery statute.[42] The almost identical usage of “in the course of committing a larceny/theft” in the MPC and MCL 750.530 indicates a more expansive conception of robbery than previously existed in Michigan law. In particular, like that of MCL 750.530, the MPC’s defini *181 tion for “in the course of committing a theft” explicitly includes the attempt form of robbery in an almost identical fashion. With regard to this change to subsume attempted robbery under the robbery provision itself, the official comment to MPC § 222.1 provides a useful and telling discussion:
Since common-law larceny and robbery required asportation, the severe penalties for robbery were avoided if the victim had no property to hand over or if the theft were interrupted before the accused laid hold of the goods. Moreover, the penalties for attempted robbery were considerably milder than those authorized for the completed crime. The perception that one who attempts a robbery poses essentially the same dangers as the successful robber led legislatures to develop more serious sanctions for various forms of attempt. The offense of assault with intent to rob was one response and redefining robbery to include an assault with intent to rob was another. Often some distinctions in penalty were preserved.
There is, however, no penological justification for distinctions on this basis. The same dangers are posed by the actor who is interrupted or who is foiled by an empty pocket as by the actor who succeeds in effecting the theft. The same correctional dispositions are justified as well. The primary concern is with the physical danger or threat of danger to the citizen rather than with the property aspects of the crime. By including attempted thefts within the time span during which robbery can occur, Section 222.1 therefore makes it immaterial whether property is obtained.[43]
At least 23 states in addition to Michigan have instituted changes including attempts to rob as sufficient to prove robbery itself, often adopting a “course of conduct” theory of when robbery occurs.[44]
*182 The desire to punish attempted robberies the same as a robbery itself corresponds with the understanding, long recognized in Michigan, that the greater social harm perpetrated in a robbery is the use of force rather than the actual taking of another’s property. As this Court has explained:
Robbery, while containing elements of theft of property, is primarily an assaultive crime. “Robbery violates the social interest in the safety and security of the person as well as the social interest in the protection of property rights. In fact, as a matter of abstract classification, it probably should be grouped with offenses against the person .. ..” Classification as an offense against a person is particularly appropriate where the robbery is committed with the aggravating element of the perpetrator being armed. In this situation, the safety and security of the person is most severely threatened, and the larcenous taking is of secondary importance.[45]
In accordance, the plain language of the 2004 statutory revisions of MCL 750.529 and MCL 750.530 establishes *183 the Legislature’s clear intent to include attempts to rob within the scope of the robbery statutes. Accordingly, when an intended robber is in possession of, appears to be in possession of, or represents that he is in possession of a dangerous weapon as stated in MCL 750.529, that person may be guilty of armed robbery even if the larcenous taking is not completed.
V APPLICATION
Aside from the question whether a completed larceny is necessary to support a conviction for robbery, the parties in this case do not dispute that defendant’s plea was sufficient to sustain a conviction for armed robbery of the tobacco shop. Having held that an attempted larceny may satisfy the requirements of MCL 750.529 and MCL 750.530, as amended, we affirm defendant’s conviction.
At his plea allocution, defendant admitted that he assaulted, or otherwise used the threat of force or violence against, the clerk in “the course of committing a larceny” of the tobacco shop. Defendant admitted that it was his intent to rob the clerk of the tobacco shop’s money. It also was established at defendant’s plea hearing that at the time of the robbery defendant intimated that he had a dangerous weapon, both by verbally alluding to this fact and by placing his hand under his clothing so as to represent that he was armed with a weapon. Even though defendant was unsuccessful in obtaining money, his attempt to complete a larceny while representing that he was armed with a dangerous weapon satisfied MCL 750.529. Accordingly, the facts elicited at the plea allocution were sufficient to sustain defendant’s conviction for armed robbery, and the circuit court did not err by denying defendant’s motion to withdraw that plea.
*184 VI. CONCLUSION
In 2004, the Legislature considerably broadened the scope of the robbery statute, MCL 750.530, to encompass a “course of conduct” theory of robbery, which specifically includes “an attempt to commit the larceny.” We conclude that this amendment effectuated a substantive change in the law governing robbery in Michigan such that a completed larceny is no longer necessary to sustain a conviction for the crime of robbery or armed robbery. The judgment of the Court of Appeals is affirmed.
Markman, Mary Beth Kelly, and Zahra, JJ., concurred with Young, C.J.

 MCL 750.529.

 MCL 750.89.

 Defendant also entered a nolo contendere plea with regard to the gas station robbery.

 People v Cobbs, 443 Mich 276; 505 NW2d 208 (1993). Defendant and the court agreed that defendant’s minimum sentence would not exceed 24 years.

 The circuit court also denied defendant’s motion to withdraw his nolo contendere plea with regard to the gas station robbery, holding that the plea proceeding and the police report established a sufficient factual basis for the plea.

 People v Williams, unpublished order of the Court of Appeals, entered June 16, 2008 (Docket No. 284585).

 People v Williams, 288 Mich App 67; 792 NW2d 384 (2010).

 Id. at 91, 93 (Gleichek, J., dissenting).

 People v Williams, 489 Mich 856 (2011).

 People v Morey, 461 Mich 325, 329; 603 NW2d 250 (1999).

 People v Covelesky, 217 Mich 90, 96; 185 NW 770 (1921) (citation and quotation marks omitted).

 Id. at 97 (citation and quotation marks omitted).

 People v Calvin, 60 Mich 113, 119; 26 NW 851 (1886).

 See 1838 RS, pt 4, tit I, ch 3, §§ 10 (armed robbery) and 12 (unarmed robbery).

15 As amended by 1959 PA 71.

 People v Randolph, 466 Mich 532, 535; 648 NW2d 164 (2002).

 Id. at 536.

 Id. at 543.

 Id. at 550.

20 Emphasis added.

 People v Dowdy, 489 Mich 373, 379; 802 NW2d 239 (2011), quoting Drouillard v Stroh Brewery Co, 449 Mich 293, 302; 536 NW2d 530 (1995).

 People v Kowalski, 489 Mich 488, 498; 803 NW2d 200 (2011).

 MCL 750.530(2).

 Williams, 288 Mich App at 75.

25 Id. at 97 (Gleicher, J., dissenting).

 Id. at 91.

 Covelesky, 217 Mich at 100.

28 Black’s Law Dictionary (8th ed).

 Wayne Co v Hathcock, 471 Mich 445, 456; 684 NW2d 765 (2004) (citation and quotation marks omitted).

 The American Heritage Dictionary (1976).

 Detroit v Redford Twp, 253 Mich 453, 456; 235 NW 217 (1931). If the Legislature had intended defendant’s interpretation of “before,” it very easily could have done so by providing, for example:
As used in this section, “in the course of committing a larceny” includes acts that occur in an attempt to commit before the commission of the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property.

 In full, again, MCL 750.530(2) provides:
As used in this section, “in the course of committing a larceny” includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight *176 after the commission of the larceny, or in an attempt to retain possession of the property. [Emphasis added.]

 Consistently applying defendant’s “before” meaning for “attempt” in construing the phrase “attempt to retain possession” would make the statute utterly senseless: “As used in this section, ‘in the course of committing a larceny’ includes acts that occur ... in an attempt to hefore retaining possession of the property.”

 See Randolph, 466 Mich at 550 (“The rule is simple: a defendant commits an unarmed robbery when he takes the property of another by the use of force, violence, or putting in fear. . . . The force, violence or putting in fear must be used before or contemporaneous with the taking.”) (emphasis added).

 See id. (majority position, opinion by Marilyn Kelly, J.); id. at 555-556 (Markman, J., dissenting) (arguing in favor of adopting the transactional approach to robbery, stating that when a larceny accompanied by “an assault occurs at any time during which the property can be said to be in the victim’s presence, a robbery within the meaning of the statute occurs”) (emphasis added).

 Contrary to defendant’s argument, we note that the fact that the Legislature used the definite article “the” in the phrase “attempt to commit the larceny” is immaterial to the decision of this case. Defendant argues that the use of a definite article supports his contention that an actual larceny must he committed. While we have recognized in appropriate cases that the use of a definite or indefinite article may alter the meaning of a statutory phrase, see, e.g., Robinson v City of Lansing, 486 Mich 1, 14; 782 NW2d 171 (2010); Robinson v Detroit, 462 Mich 439, 458-463; 613 NW2d 307 (2000), defendant misapprehends the meaning of the definite article in the statute. In context, MCL 750.530(2) provides in relevant part: “As used in this section, ‘in the course of committing a larceny’ includes acts that occur in an attempt to commit the larceny____” (Emphasis added). This statutory provision is definitional; that is, its purpose is to define the phrase “in the course of committing a larceny” as used in the statute. The use of the definite article “the” in the phrase “in an attempt to commit the larceny” merely refers to the larceny identified in the term being defined: “in the course of committing a larceny.” Thus, the “the larceny” referred to in this definitional phrase is not a new, completed larceny, but instead provides meaning and explanation for the referent phrase being defined, which itself uses an indefinite article.

 Indeed, the dissent undertakes no effort whatsoever to interpret the actual words of the statutes or address any of the text-based arguments that this opinion raises in support of our conclusion.

 See, e.g., Lansing Mayor v Pub Serv Comm, 470 Mich 154, 164-165; 680 NW2d 840 (2004).

 See, e.g., Frank W Lynch & Co v Flex Technologies, Inc, 463 Mich 578, 587; 624 NW2d 180 (2001) (stating that “in Michigan, a legislative analysis is a feeble indicator of legislative intent and is therefore a generally unpersuasive tool of statutory construction”); In re Certified Question from the United States Court of Appeals for the Sixth Circuit (Kenneth Henes v Continental Biomass), 468 Mich 109, 115 n 5; 659 NW2d 597 (2003) (discussing why a legislative analysis, as opposed to other forms of legislative history, is a poor aid in statutory interpretation and thus “should be accorded very little significance by courts when construing a statute”).

 For similar reasons, we reject the “common law lens” approach employed hy the Court of Appeals dissent in this case, the result of which effectively writes the word “attempt” out of the statute. The dissent concluded that “the Legislature did not intend that the armed robbery statute would permit a conviction absent an accomplished larceny” because “[u]nder the common law, the crime of robbery indisputably included as an essential element the commission of a larceny.” Williams, 288 Mich App at 92-93 (Gleicher, J., dissenting). The Court of Appeals dissent purported to rely on the well-estahlished principle that because the basis for the criminal law of this state is the common law, see People v McDonald, 409 Mich 110, 117; 293 NW2d 588 (1980), the Legislature must make clear when it intends to modify the common law. However, the dissent below failed to acknowledge the full significance of its own *179 express statements that, as each of the authorities it cited explicitly noted, the common law understandings remain in effect only until the Legislature acts in a different or contrary manner. See Williams, 288 Mich App at 90 (Gleicher, J., dissenting) (“The common-law definition of a crime binds Michigan courts until the Legislature modifies the elements of the crime.”), citing People v Perkins, 468 Mich 448, 455; 662 NW2d 727 (2003) (emphasis added); Williams, 288 Mich App at 91 (Gleicher, J., dissenting) ( “ ‘[W]hen words are adopted having a settled, definite and well known meaning at common law it is to be assumed they are used with the sense and meaning which they had at common law unless a contrary intent is plainly shown.’ ”), quoting Covelesky, 217 Mich at 100 (emphasis added); Williams, 288 Mich App at 91 (Gleicher, J., dissenting) (stating that when the Legislature borrows a term of art, “ ‘absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them’ ”), quoting People v Riddle, 467 Mich 116, 125; 649 NW2d 30 (2002), and Morissette v United States, 342 US 246, 263; 72 S Ct 240; 96 L Ed 288 (1952) (emphasis added). While a statute “will not be extended by implication to abrogate established rules of common law,” the statute “must be construed sensibly and in harmony with the legislative purpose.” Rusinek v Schultz, Snyder & Steele Lumber Co, 411 Mich 502, 508; 309 NW2d 163 (1981).
Thus, if the Legislature modifies a criminal statute, courts must look for “a contrary intent” from the common law understanding to determine whether the Legislature has effected a substantive change in the way the crime is understood. When, as here, such a change is plainly shown, it is insufficient to continue to view the statute through a “common law lens.” Such an approach would be inconsistent with appropriate principles of judicial construction. “In the course of committing a larceny” is a statutory, not common law, phrase, and it is explicitly defined in an unambiguous manner by MCL 750.530. Accordingly, that definition must control, and the “lens of the common-law definitions” may not he used to provide a gloss on the statutorily provided meaning.

41 2 American Law Institute (ALI), Model Penal Code and Commentaries (1980), § 222.1, p 96 (italics added).

 Our task when interpreting a statute is to give effect to the intent of the Legislature. Thus, we do not refer to the MPC as a means of interpreting the Michigan statutes at issue, but instead to provide a context for those changes. Given the almost identical language used in the MPC and revised statutes, it is reasonable to believe that the statutes were amended not to reinforce but to supplant the traditional understanding of robbery, as the MPC also accomplishes. Thus, the Michigan Legislature’s use of the MPC language complements our conclusion that the Legislature was not undertaking an effort to (re)codify the common law understanding with the 2004 revisions.

43 2 ALI, Model Penal Code, comment 2(a) to § 222.1, pp 99-100.

 See Alabama — Ala Code 13A-8-40; Alaska — Alas Stat 11.41.510; Arkansas — Ark Code Ann 5-12-102; Delaware — Del Code tit 11, § 831; Florida — Fla Stat 812.13; Hawaii — Hawaii Rev Stat 708-842; Iowa— *182 Iowa Code 711.1; Kentucky — Ky Rev Stat Ann 515.030; Maine — Me Rev Stat tit 17-A, § 651; Maryland — Md Code Ann, Crim Law 3-402; Montana — Mont Code Ann 45-5-401; New Hampshire — NH Rev Stat Ann 636:1; New Jersey — NJ Stat Ann 2C:15-1; North Carolina — NC Gen Stat 14-87; North Dakota — ND Cent Code 12.1-22-01; Ohio — Ohio Rev Code Ann 2911.02; Oregon — Or Rev Stat 164.395; Pennsylvania — 18 Pa Cons Stat 3701; Texas — Tex Penal Code Ann 29.01; Utah — Utah Code Ann 76-6-301; Vermont — Vt Stat Ann tit 13, § 608; West Virginia — W Va Code 61-2-12; Wyoming — Wyo Stat Ann 6-2-401.

45 People v Hendricks, 446 Mich 435, 449-450; 521 NW2d 546 (1994), citing People v Wakeford, 418 Mich 95; 341 NW2d 68 (1983), and People v Allen, 429 Mich 558; 420 NW2d 499 (1988), and quoting Perkins & Boyce, Criminal Law (3d ed), p 350; see also Wakeford, 418 Mich at 111 (stating that with regard to armed robbery, “the gravamen of the offense is the armed assault on a person when combined with the taking of money or property” and that “[t]he primary purpose of the statute is the protection of persons; the protection of property afforded by the statute is not significantly greater than that afforded by the statute prohibiting larceny from the person of another”).