Filed 1/25/16  P. v. Drew CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G050593 |
|    v. | (Super. Ct. No. 12NF1694) |
| ANTHONY JOEL DREW, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

Joshua H. Schraer and Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Anthony Joel Drew appeals his conviction for robbery.  (Pen. Code, § 211; all undesignated statutory references are to the Penal Code.)  He argues his conviction must be reversed because his conduct only qualifies as a robbery under *People v. Estes* (1983) 147 Cal.App.3d 23 (*Estes*), and that *Estes* was wrongly decided.  We disagree and affirm the judgment.

I

FACTS

A jury convicted defendant of second degree robbery.  (§§ 211, 212.5, subd. (c).)  After the verdict, defendant admitted he served two separate prior terms in state prison.  (§ 667.5, subd. (b).)  The trial court sentenced defendant to the middle term of three years on the robbery, struck the prior prison term enhancements for purposes of sentencing (§ 1385), and gave defendant credit for time served of 178 days (155 days actual credit and 23 days conduct credit).

The following facts suffice for purposes of the issue presented.  On May 28, 2012, defendant and Erin Quinones were in the Nordstrom's in the Brea Mall together.  Quinones rapidly selected a number of items without paying attention to what the items looked like, including two dresses, sunglasses, a wallet, a Fedora, a watch, and a necklace she put on.  Defendant was with her the whole time and looked around furtively.  They took the escalator up to the next floor and Quinones went into a fitting room in the lingerie department.  When she left the fitting room, security observed that several of the items Quinones took into the fitting room were not left in the room.  She was still wearing the necklace and a wallet was visible inside the Fedora Quinones held upside down.

Quinones and defendant went back down the escalator and exited on the second floor toward the parking garage within a minute of leaving the fitting room.  They passed a number of registers and made no effort to pay for any of the items.

Sulema Reyes, a Nordstrom's loss prevention officer followed them, and then walked in front of defendant and Quinones upon their leaving the store. She identified herself and told them she needed to recover the merchandise. Defendant continued and walked past Reyes. Thomas Flores, another loss prevention officer, then left his position where he had been watching Quinones and defendant on closed circuit television. Flores left to join Reyes.

Quinones "engaged . . . Reyes combatively" and had one hand around Reyes' neck. It appeared Quinones was attempting to "swing at" Reyes with her free hand. Defendant had turned around to face the two women and yelled at Quinones to throw him her purse or throw it off the bridge they were on to the parking structure. Flores took Quinones to the ground to handcuff her and Quinones bit him.

Reyes testified that during the struggle, Quinones screamed at defendant, "Take the hand bag. Run." Reyes said defendant was screaming, "Just let her go. Just let her go. Give me the bag." Quinones attempted to hand the purse off to defendant, but Reyes got hold of it, at which point defendant tried to grab the purse from Reyes, telling her to let go. During the tug-of-war over the purse, defendant pulled so hard that one of the straps on the purse broke. The purse contained property taken from the store.

Reyes repeatedly told defendant the police were on their way and that he should back away. Defendant eventually ran away. Security recovered the stolen items and defendant was apprehended by the police after an officer watched him jump from the parking garage, and gave chase. Defendant was eventually arrested inside a women's restroom in the Sears store inside the mall.

II

DISCUSSION

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Similar to the present matter, in *People v. Estes*, *supra*,

3

147 Cal.App.3d at page 26, the court considered a shoplifting situation wherein the defendant assaulted a security guard when confronted by the guard immediately after leaving the store with the stolen property. Such situations have been become known as *Estes* robberies. Defendant contends *Estes* was wrongly decided.

He argues that when the Legislature enacted section 211 in 1872, the Legislature intended to codify the common law crime of robbery, and at common law, robbery required the defendant to have used force or fear prior to or during the taking of the property. (See *People v. Williams* (2012) 491 Mich. 164, 170-171 [814 N.W.2d 270, 273-274].) According to defendant, the decision in *Estes* ripped the law of robbery from its common law mooring.

The holding in *Estes*, however, was based on our Supreme Court's decision in *People v. Anderson* (1966) 64 Cal.2d 633 (*Anderson*). In *Anderson*, the defendant entered a pawnshop and obtained a rifle and ammunition from the shopkeeper. While the shopkeeper rang up the items, defendant grabbed the gun, loaded it with the ammunition, and pointed it at the shopkeeper and another employee of the pawnshop. (*Id.* at pp. 635-636.) In rejecting the defendant's contention that the evidence was insufficient to establish a robbery, our high court proclaimed, "Accordingly, if one who has stolen property from the person of another uses force or fear in removing, or attempting to remove, the property from the owner's immediate presence, as defendant did here, the crime of robbery has been committed." (*Id.* at p. 638.) This statement from *Anderson* was the basis for the holding in *Estes*: "Here, as in *Anderson*, a robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence regardless of the means by which defendant originally acquired the property." (*People v. Estes*, *supra*, 147 Cal.App.3d at pp. 27-28.) The *Estes* court concluded, "Whether defendant uses force to gain original possession of the property or to resist attempts to retake the stolen property,

4

force was applied against the guard in furtherance of the robbery and can properly be used to sustain the conviction." (*Id.* at p. 28.) That is what defendant did here.

*Estes* did not change the law of robbery. As demonstrated above, even before the decision in *Estes*, the California Supreme Court held the crime of robbery does not require the use of force prior to the taking. (*People v. Anderson*, *supra*, 64 Cal.2d at pp. 638-639.) Since its pronouncement, the *Estes* holding has repeatedly been cited with approval by our Supreme Court. (See e.g., *People v. Williams* (2013) 57 Cal.4th 776, 787 ["a defendant who uses force or fear in an attempt to escape with the property taken by larceny has committed robbery"]; *People v. Gomez* (2008) 43 Cal.4th 249, 257 ["'a long line of Court of Appeal cases, left undisturbed by this court, holding that mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot'"]; *People v. Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 [same].) Thus, it has been firmly established by our Supreme Court that one violates section 211 when he uses force against one entitled to possession of the stolen property in an effort to escape with that property, and that is exactly what defendant did. We are bound by the Supreme Court's pronouncements (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450), and therefore reject defendant's suggestion that we find *Estes* was wrongly decided.

III

DISPOSITION

The judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

ARONSON, J.

THOMPSON, J.